# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the United States Small Business Administration, Taiji Group USA, Inc. ("Taiji"), and Sidesolve, LLC ("Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.  Taiji Group USA, Inc. ("Taiji") is a paper converter with a principal place of business at 405 Wortha Herman Road SW, Conover, NC 28613.

B.  On or about April 9, 2024, Sidesolve, LLC ("Relator") filed a *qui tam* action in the United States District Court for the Western District of North Carolina captioned *United States of America ex rel. Sidesolve, LLC, v. Taiji Group USA, Inc.*, Civil Action No. 5:24-cv-98, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action").

C.  The United States contends that it has certain civil claims against Taiji arising from the facts and conduct described in this paragraph:

    (i)    On or about March 19, 2021, Taiji applied for a Second Draw PPP loan pursuant to the Paycheck Protection Program ("PPP") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

    (ii)    In submitting the Second Draw PPP loan application, Taiji certified that it "is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China . . . or that has significant operations in the People's Republic of China . . . owns or holds, directly or indirectly, not less than 20 percent of the economic interest of

the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China."

(iii) At the time Taiji submitted the application, it was, in fact, "a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China . . . or that has significant operations in the People's Republic of China . . . owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China."

(iv) Taiji would not have qualified for the Second Draw PPP loan if it answered the certification question accurately.

(v) On or about March 27, 2021, and based on Taiji's application, SBA approved a Second Draw PPP loan to Taiji totaling $271,165.00. In connection with the Second Draw PPP loan, SBA also paid a loan processing fee to the lender totaling approximately $13,558.25, and interest on the Second Draw PPP loan of approximately $3,023.68.

That conduct is referred to below as the Covered Conduct.

D. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

E. This Settlement Agreement is neither an admission of liability by Taiji, nor a concession by the United States or the Relator that their claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Taiji shall pay to the United States four hundred sixty thousand, three hundred ninety-five dollars and nine cents ($460,395.09) ("Settlement Amount"), of which two-hundred and eighty-seven thousand, seven hundred forty-six dollars and ninety-three cents ($287,746.93) is restitution, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Western District of North Carolina no later than 30 days after the Effective Date of this Agreement.

2. Conditioned upon the United States receiving the Settlement Amount and as soon as feasible after receipt, the United States shall pay $46,039.51 to Relator by electronic funds transfer ("Relator's Share").

3. Taiji shall pay $12,737.10 to Bracker & Marcus LLC in satisfaction of any claims Relator may have for attorney's fees and costs under 31 U.S.C. § 3730(d), no later than thirty (30) days after the Effective Date of this Agreement

4. Subject to the exceptions in Paragraph 6 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, the United States releases Taiji from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1833a; or the common law theories of

breach of contract, payment by mistake, unjust enrichment, and fraud.

5. Subject to the exceptions in Paragraph 6 below, and upon the United States' receipt of the Settlement Amount, Relator, for itself and for its successors, attorneys, agents, and assigns, forever and irrevocably, releases Taiji and their respective directors, officers, employees and advisors from any civil monetary claim the Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

6. Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in the Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any liability based upon obligations created by this Agreement; or

    f. Any liability of individuals.

7. Relator and its heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

Conditioned upon Relator's receipt of the Relator's Share, Relator and its heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

8. Relator, for itself, and for its heirs, successors, attorneys, agents, and assigns, forever and irrevocably, releases Taiji, and its respective directors, officers, employees, and advisors, from any liability to Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs.

9. Taiji waives and shall not assert any defenses it may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10. Taiji fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Taiji has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

11. Taiji fully and finally release the Relator from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Taiji have asserted, could have asserted, or may assert in the future against the Relator, related

to the Covered Conduct and the Relator's investigation and prosecution thereof.

12. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Taiji, and their present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Taiji's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement;

(5) the payment Taiji makes to the United States pursuant to this Agreement and any payments that Taiji may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Taiji, and Taiji shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Taiji shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in

payments previously sought by Taiji or any of its subsidiaries or affiliates from the United States. Taiji agrees that the United States, at a minimum, shall be entitled to recoup from Taiji any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Taiji's books and records and to disagree with any calculations submitted by Taiji or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Taiji, or the effect of any such Unallowable Costs on the amount of such payments.

13. This Agreement is intended to be for the benefit of the Parties only.

14. Upon receipt of the payment described in Paragraph 1 above, the Relator and the United States shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1).

15. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement, except as described in Paragraph 3 above.

16. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

17. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of North Carolina. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

19. The undersigned counsel represents and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

20. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

21. This Agreement is binding on Taiji's successors, transferees, heirs, and assigns.

22. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

23. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

24. This Agreement is effective on the date of signature of the last signatory to the Agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

∗ ∗ ∗

**THE UNITED STATES OF AMERICA**

        DENA J. KING
        UNITED STATES ATTORNEY

Date _____        By: _____
                              J. Seth Johnson
                              Assistant United States Attorney
                              Western District of North Carolina

TAIJI GROUP USA, INC

Date 2/6/25          By: _____
                     Elizabeth Greene
                     Gavin Bell
                     Flannery | Georgalis, LLC
                     *Counsel for Defendant*


Date Feb. 5th, 2025  By: _____
                     Hao Yang Liu
                     Chief Operating Officer

SIDESOLVE, LLC

Date 1/22/25    By: *[signature]*
Jason Marcus
Bracker and Marcus LLC
*Counsel for Relator*


Date 1/22/25    By: *[signature]*
Katy Levinson
Chief Executive Officer